NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2530
_____

TORI BAILEY,
For Herself and Others Similarly Situated,
Appellant
v.

LYNDA M. HALEY; CAROL NEVON; JOEL A. JOHNSON;
MONTGOMERY COUNTY HOUSING AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 11-cv-01153)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2012

Before: AMBRO, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: January 30, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Tori Bailey appeals the District Court's order denying her motion for a preliminary

injunction.  We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recount only the essential facts and procedural history.

Bailey received public housing subsidies through the Housing Choice Voucher Program (HCVP) administered by the Montgomery County Housing Authority (MCHA). As a condition of receiving HCVP benefits, Bailey signed a voucher in 2009 in which she agreed to refrain from engaging in any violent criminal activity. The following year, two criminal complaints filed against Bailey accused her of spraying Jessica Ford in the face with mace and attempting to hit her with an automobile. On July 21, 2010, MCHA sent Bailey a letter informing her that it was terminating her HCVP benefits because she had engaged in violent criminal activity.

On Bailey's request, an administrative hearing was held on August 31, 2010. The hearing officer apprised Bailey of her rights in the proceedings, including her right to appeal his ruling to the Montgomery County Court of Common Pleas within thirty days. After considering the testimony of Norristown Police Detective James Angelucci about the criminal complaints and hearing both Bailey and her witness admit that she had sprayed Ford with mace, the hearing officer affirmed MCHA's decision to terminate Bailey's benefits.

Bailey filed a complaint and motion for preliminary injunction in the District Court, alleging that MCHA and its employees, Lynda M. Haley, Carol Navon (incorrectly

2

identified as "Carol Nevon" in the complaint), and Joel A. Johnson, violated 42 U.S.C. § 1983 by depriving her of HCVP benefits without due process of law. The District Court denied Bailey's motion for preliminary injunction and this timely appeal followed.

II

We have jurisdiction over the District Court's denial of Bailey's preliminary injunction pursuant to 28 U.S.C. § 1292. "[W]e review the Court's findings of fact for clear error, its conclusions of law *de novo*, and the ultimate decision to grant [or deny] the preliminary injunction for abuse of discretion." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010).

The District Court denied Bailey's motion for preliminary injunction because she did not demonstrate a likelihood of success on the merits. Because we agree with the District Court, we will affirm its judgment, essentially for the reasons stated in its opinion. *See* Order, *Bailey v. Haley*, No. 11-CV-1153 (E.D. Pa. May 6, 2011).

Bailey makes four arguments supporting her likelihood of success on the merits. She claims that (1) she did not receive adequate notice of the basis of MCHA's decision to terminate her benefits; (2) the hearing officer denied her due process by rendering a credibility determination based on hearsay; (3) MCHA misrepresented her right to appeal; and (4) the hearing officer was not neutral. We evaluate each in turn.

Bailey first suggests that because MCHA's letter stated only that she "violated [her] family obligation by engaging in violent criminal behavior," it constituted

3

insufficient notice. The letter, however, satisfied the Department of Housing and Urban Development (HUD) requirement that a termination notice: "(i) [c]ontain a brief statement of reasons for the decision, (ii) [s]tate that if the family does not agree with the decision, the family may request an informal hearing on the decision, and (iii) [s]tate the deadline for the family to request an informal hearing." 24 C.F.R. § 982.555(c)(2). As the District Court aptly noted, "given that [Bailey] had no prior criminal record and was aware of the pending criminal charges against her for assault against Ms. Ford," she had "adequate opportunity to prepare for the termination hearing," and her "claim of inadequate notice is disingenuous." Order at 1 n.1, *Bailey*, No. 11-CV-1153,

Bailey next claims that the hearing officer's admission of hearsay evidence denied her due process. Pursuant to HUD regulations, however, evidence presented in such hearings "may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings." 24 C.F.R. § 982.555(e)(5). In termination hearings held by local agencies like MCHA, which operate under Pennsylvania's Local Agency Law, "[h]earsay evidence, *admitted without objection*, will be given its natural probative effect and may support a finding of the [hearing officer], *if it is corroborated by any competent evidence in the record*, but a finding of fact based *solely* on hearsay will not stand." *Zajac v. Altoona Hous. Auth.*, 626 A.2d 1271, 1275 (Pa. Commw. Ct. 1993). Here, the hearing officer was permitted to consider Ford's hearsay statements because they were amply corroborated by Detective Angelucci's testimony, admissions made by

4

both Bailey and her witness, and an affidavit of probable cause signed by a police officer who investigated the assault charges against Bailey.

Bailey next argues that MCHA misrepresented her right to appeal because the agency letter informing her of the hearing officer's decision referred to his determination as "final." Bailey's claim that she misunderstood the import of the letter is unpersuasive because, as Bailey herself admits, the hearing officer gave her verbal notice of her right to appeal his decision.

Finally, Bailey offers no evidence to support her contention that the hearing officer was biased. HUD regulations provide that "[t]he hearing may be conducted by any person or persons designated by the [Housing Authority], other than a person who made or approved the decision under review or a subordinate of this person." 24 C.F.R. § 982.555(e)(4). By hiring a licensed attorney to preside over the proceedings, MCHA adopted an additional procedural safeguard to guarantee a fair hearing.

Having determined that Bailey did not demonstrate a likelihood of success on the merits, we will affirm the District Court's judgment without further comment as to the other requisites for injunctive relief.